IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID LEE SMITH  #10445                                              PETITIONER

V.                                                    Civil Action 1:09cv738-LG-RHW

RONALD KING                                                          RESPONDENT

## REPORT AND RECOMMENDATIONS

BEFORE THIS COURT are [1] the undated Petition for Writ of Habeas Corpus filed by David Lee Smith pursuant to Title 28, United States Code, Section 2254, filed by the Clerk on October 26, 2009, and [5] Respondent's November 16, 2009 Motion to Dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d).  Smith's [2] application to proceed *in forma pauperis,* which was also filed by the Clerk on October 26, 2009, bears an execution date of October 1, 2009.  Petitioner filed no response to Defendant's motion to dismiss.  Having considered the pleadings, records on file, briefs and arguments presented, and the relevant legal authority, the undersigned U.S. Magistrate Judge is of the opinion that Petitioner's request for federal habeas relief pursuant to 28 U.S.C. § 2254 was untimely filed, regardless of which of the above dates is deemed the filing date of the Petition, and the Petition should be dismissed with prejudice.

## FACTS AND PROCEDURAL HISTORY

On June 12, 2006, David Lee Smith pled guilty in the Circuit Court of Harrison County, Mississippi to a charge of felony domestic violence - aggravated assault, and was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections. [5-2] Mississippi law prohibits direct appeal to challenge a guilty plea [*Miss. Code Ann*. § 99-35-101],

but allows a limited exception: one who pleads guilty may, within thirty days of the guilty plea/sentencing, appeal an allegedly illegal sentence imposed pursuant to the guilty plea. See *Acker v. State*, 797 So.2d 966 (Miss. 2001); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Trotter v. State*, 554 So.2d 313, 315 (Miss.1989); *Burns v. State*, 344 So. 2d 1189 (Miss. 1977). Smith states in his Petition that he sought no review of his conviction/sentence [1, p. 2], and that he filed no other petitions, applications or motions concerning the judgment of conviction in any state court. [1, p. 3] At most, therefore, Smith's judgment of conviction became final no later than July 12, 2006, thirty days after his guilty plea, and his time for filing a federal habeas petition began to run. *Roberts v. Cockrell*, 319 F. 3d 690 (5th Cir. 2003) ("The language of § 2244(d)(1)(A) provides that a decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'").

## LAW AND ANALYSIS

The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims

> presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As previously stated, the one-year statute of limitations for Smith to file his petition for federal habeas relief began running on July 12, 2006, thirty days after he entered his guilty plea. In the absence of some tolling of the limitations period, Smith's deadline for filing a federal habeas petition was July 12, 2007. Since Smith filed no application for State post-conviction relief before July 12, 2007, no tolling applies, and Smith's time for filing a federal habeas petition expired on July 12, 2007. The present petition is therefore time-barred and should be dismissed.

When, as here, a petition for relief under 28 U.S.C. § 2254 presents claims that are either contrary to law or plainly refuted by the record, no evidentiary hearing is necessary. *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch,* 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985).

## RECOMMENDATION

Upon due consideration of the Petition, pleadings on file and the relevant legal authority, it is the opinion of the undersigned U.S. Magistrate Judge that Respondent's motion to dismiss should be **GRANTED** and Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254, **DISMISSED.**

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (effective December 1, 2009), any party who objects to this Report and Recommendation must, within

fourteen (14) days after being served a copy of the Report and Recommendation file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intend to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objects to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Signed, this the 11th day of January, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE